SYKES *v.* JAMESON.

4-4274

Opinion delivered April 27, 1936.

*Henry B. Whitley,* for appellant.

*McKay & McKay,* for appellee.

HUMPHREYS, J. A motion has been filed in this case to dismiss the appeal for failure to comply with Rule IX of this court, which requires appellant to file an abstract or abridgment of the transcript necessary for a full understanding of all questions presented for decision. A careful reading of the abstract reflects that the issues involved in the case to be determined in this court are whether J. M. Mason received $300 on June 12, 1921, as administrator of the estate of Arthur Sykes, deceased, and failed to account to Lillie Sykes and Oleen Sykes, Arthur Sykes' sole and only heirs, for their share of said amount, and whether they are barred under the statute of limitations from recovering same.

The facts material to a decision of the issues involved reflected by the record are that on June 22, 1919, Arthur Sykes, father of Lillie and Oleen Sykes, was run over and killed by a train of the Louisiana & Arkansas Railroad Company at a road crossing; that J. M. Mason, upon whose farm the deceased was residing as a tenant when he was killed, was duly appointed administrator of the estate of deceased, and in that capacity brought suit against said railroad and recovered judgment as such administrator against it for $600, which was paid to him and for which he gave a receipt; that he paid the attorneys representing him $300 of the amount as a fee and retained the balance; that he filed no inventory or claim himself against the estate of Arthur Sykes, and died on the 23rd day of July, 1925, intestate, without having even filed any account current and without making a final settlement; that there was no administration on the estate of J. M. Mason; that after his death his personal property was exhausted, and his real estate of 320 acres

is still owned by his heirs, who are the appellees herein. The relief sought in this suit is a lien upon the 320 acres for the share of appellants in the estate of their father, which J. M. Mason recovered from said railroad as administrator aforesaid.

In refusing to grant this relief to appellants, the chancery court proceeded upon the theory that the judgment recovered by the administrator was for the benefit of the widow and next of kin of Arthur Sykes. There is nothing in the judgment to so indicate. Had that been the case, the claim against the railroad was barred when the judgment against it was obtained. Arthur Sykes was killed on June 22, 1919, and the suit was filed and judgment obtained on July 12, 1921, more than two years after the death of Arthur Sykes, and at that time an action for the benefit of the widow and next of kin was barred under § 1075 of Crawford & Moses' Digest, whereas an action at that time for the benefit of the estate of Arthur Sykes was not barred by limitations. The action for the benefit of the estate could have been brought within three years from the death of Arthur Sykes. Section 1070 of Crawford & Moses' Digest. It must be presumed therefore that the suit brought by J. M. Mason as administrator against said railroad was for the benefit of the estate, and not for the benefit of the widow and next of kin.

It follows that the money received by the administrator in satisfaction of the judgment became and is a trust fund, and the statute of limitations will not prevent appellants from collecting their share of it out of the lands belonging to J. M. Mason at the time of his death, which his heirs inherited from him and which they now have in their possession. Hall v. Brewer, 40 Ark. 433. It goes without saying that the widow of Arthur Sykes, who is a party to this suit, was entitled to a dower interest in the amount collected by J. M. Mason, administrator, which could have been extinguished by advances or payments by the administrator to her. There is some evidence in the record tending to show that J. M. Mason made payments to her after her husband's death. What-

ever he paid to her should be deducted from her dower interest in the fund.

The decree is therefore reversed, and the cause is remanded with directions to declare a lien on said real estate for the share to which the heirs are entitled and any balance due the widow, with interest thereon in favor of each at the rate of six per cent. per annum from July 18, 1921.

MEHAFFY, J., dissents.

BAKER, J., disqualified and not participating.